IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KENNETH HENSON**                                                                                            **PLAINTIFF**

**V.**                                                                           **CIVIL ACTION NO.:3:20-CV-201-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                      **DEFENDANT**

## **MEMORANDUM OPINION**

The plaintiff, Kenneth Henson, seeks judicial review of the Social Security Administration's decision denying his application for Social Security Disablilty Benefits. The plaintiff asserts the ALJ erred in adjudicating his severe conditions; in assessing his residual functional capacity (RFC); and in failing to consider and address the VA's disability determinations. The undersigned, having reviewed and considered the record, briefs and oral argument find the decision of the Commissioner is supported by substantial evidence and is therefore affirmed.

## **FACTS**

The plaintiff, Kenneth Henson, filed for benefits on September 25, 2017, alleging onset of disability commencing on January 17, 2017. The plaintiff alleges he has been disabled due to gout, obstructive sleep apnea, asthma, back problems, depression, and anxiety. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on July 2, 2019. (Dkt. 7 p.17-27).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] The administrative record is Docket 7. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

The ALJ determined Henson had the following severe impairments: asthma, gout, disorders of the spine, depression, and anxiety. The ALJ found he retained the residual functional capacity (RFC) to perform a limited range of sedentary work. He can occasionally balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger. He must avoid even moderate exposure to dust, odors, gases, fumes, and other pulmonary irritants and must avoid concentrated exposure to unprotected heights and moving machinery. He needs a cane or other assistive device to ambulate. He can sustain focused attention for two-hour periods and can occasionally interact with coworkers, supervisors, and the general public. The ALJ determined the plaintiff could not perform any past relevant experience, but found, based on the testimony of the vocational expert that there were other jobs in the national economy that would fit within his RFC.[2]

## ANALYSIS

The plaintiff asserts three errors. Henson argues the ALJ erred when he failed to find his obstructive sleep apnea was a severe impairment; failed to find disabling limitations because of his gout; and failed to address the VA's disability determinations.

The ALJ found that Henson's sleep apnea was not severe because he did not show this condition interfered with his ability to work. The plaintiff claims sleeplessness impaired his ability to work and the ALJ made a factual error when he stated there was no sleep study in the record. While the ALJ missed the sleep study in the record, this factual error did not prejudice the plaintiff. First and most important, the ALJ acknowledged the diagnosis of sleep apnea. Second, the record shows that Henson had been prescribed and obtained a CPAP machine to treat his sleep apnea. Henson admitted using the CPAP helped his symptoms, but also admitted

---

[2] He found, based on the testimony of the vocational expert, that the plaintiff could work as a final assembler and as an eyeglass assembler, with a total of 67,00 jobs in the national economy. (R. 26)

2

he was non-compliant with the machine. Henson's noncompliance undermines any claim to the condition being severe or disabling. *See Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). Henson's admission that his symptoms improved when he used the CPAP further supports the ALJ's Step Two determination that the sleep apnea was not severe.

The plaintiff next argues the ALJ failed to properly consider the evidence of his gout, which he claims causes disabling pain. The court notes first that the ALJ created a very restrictive RFC, limiting Henson to a narrow range of sedentary work. Additionally the plaintiff admitted, during multiple treatments for flareups of his gout, that he had been eating foods he knew would trigger gout. Most importantly, Henson was prescribed colchicine and allopurinol to treat his gout in November 2018. He reported at his April 2019 examination that he had not experienced any painful flareups between the two visits. The ALJ was entitled to consider the extent to which Henson's symptoms were controlled by his medicine, and the extent to which symptoms could be controlled if he complied with dietary restrictions. Substantial evidence, therefore, supports that ALJ's determination that Henson could still perform work within his limited RFC.

Finally, the plaintiff complains that the ALJ did not analyze or give any weight to the plaintiff's disability ratings assigned by the Veterans Administration. The Social Security regulations once required ALJ's to consider the disability findings of other agencies and to explain their consideration of those findings. However, this claim is subject to new regulations that became effective a few months before Henson's application. Under the new regulations, the agency is no longer mandated to consider findings of other agencies nor must they provide an explanation. 20 C.F.R. § 404.1504 and 404.1520 b (c)(1). The agency does continue to consider

any underlying evidence in support of any determination finding, and the court finds the ALJ did consider the findings here – the medical record.

## **CONCLUSION**

For the foregoing reasons, the court finds there is no reversible error in this case and the decision is supported by substantial evidence. The decision of the Commissioner of Social Security is affirmed.

A separate judgment shall be entered.

**THIS** the 20th day of July, 2021.

                                            **/s/ David A. Sanders**
                                            **U.S. MAGISTRATE JUDGE**
